Juan **ESTRADA RAMOS**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 04–76586.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2006.*

Decided March 16, 2006.

Jorge I. Rodriguez-Choi, Esq., San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Joanne E. Johnson, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, BEEZER, and KOZINSKI, Circuit Judges.

## MEMORANDUM **

Juan Estrada Ramos, a native and citizen of Guatemala, petitions for review of a final order of the Board of Immigration Appeals summarily affirming an immigration judge's ("IJ") decision denying his application for asylum. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Ochave v. INS*, 254 F.3d 859, 861–62 (9th Cir.2001), and we deny the petition for review.

Substantial evidence supports the IJ's determination that Estrada Ramos failed to establish past persecution or a well-founded fear of future persecution in that he failed to show that his experiences in Guatemala constituted persecution "on account of" any political opinion imputed to him by the guerillas. *See Tecun–Florian v. INS*, 207 F.3d 1107, 1109–10 (9th Cir. 2000) (upholding the agency's determination that guerillas kidnaped and abused a

petitioner solely in retribution for refusing to join their group, and not on account of a protected ground). Furthermore, Estrada Ramos' fear of future persecution is undermined by the fact that he remained in Guatemala for five years without further incident. *See Hakeem v. INS*, 273 F.3d 812, 816–17 (9th Cir.2001).

**PETITION FOR REVIEW DENIED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

